ALBANY,
August, 1816.

PUTNAM
v.
PAYNE.

Any person is justified in killing a ferocious and dangerous dog, which is permitted to run at large by its owner, or escapes through negligent keeping, the owner having notice of its vicious disposition. Any person is justified in killing a *dog* which has been bitten by another mad animal. But whether that would be a justification for killing more useful and less dangerous animals? *Quære.*

### PUTNAM *against* PAYNE.

IN ERROR, on certiorari to a justice's court.

The defendant in error brought an action, in the court below, against the plaintiff in error, for killing his dog. It was proved, at the trial, that the dog was very vicious, and frequently attacked persons passing in the street, in *Lansingburgh*, where the parties resided. The plaintiff below had frequently been notified of the ferocious acts of his dog, and had been requested by the neighbours to kill or confine him. The dog in question had been bitten, a few days before he was killed, by a mad dog. There being a very great alarm in the village of *Lansingburgh*, on account of mad dogs, the inhabitants petitioned the trustees to pass by-laws for restraining dogs, and killing those that should be found at large; and the trustees accordingly passed a law, declaring it lawful for any person to kill any dog which should be found at large in the village. It was also proved that the plaintiff below called upon the defendant, and informed him, that a certain other dog in the village was mad, and requested him to go and shoot it; that the defendant accordingly took his gun for that purpose, and in passing through the village met the plaintiff's dog running loose, and shot him dead. Judgment was given for the plaintiff below.

*Per Curiam.* It is unnecessary, in this case, to decide whether the act complained of could be justified under the by-law of the corporation.

The defendant was fully justified in killing the dog, under the circumstances of the case, upon common law principles. The dog was, generally, a dangerous and unruly animal, and his owner knew it; yet he permitted him to run at large, or kept him so negligently, that he escaped from his confinement. Such negligence was wanton and cruel, and fully justified the defendant in killing the dog as a nuisance. The public safety demands this rule. It is little better than mockery to say that a person injured by such an animal might sue for damages, or for penalties.

But, in addition to this, the dog had lately been bitten by a mad dog; this, in itself, was sufficient to justify any person in killing him, if found running at large. We do not mean to say that this would be allowed as a justification in killing more useful, and less dangerous, animals, as hogs, &c.

<div align="center">Judgment reversed.</div>