HON. PIERPOINT ISHAM, ⎱
HON. MILO L. BENNETT, ⎰ ASSISTANT JUDGES.

---

TIMOTHY M. BROWN *v.* HENRY CARPENTER.

*Nuisance.   Furious Dogs.*

A large and furious dog, accustomed to bite mankind, is a common nuisance. In an action to recover damages against a party killing him, the defendant need not prove that he was obliged to kill him in self-defense.

TRESPASS for killing the plaintiff's dog.   The declaration is in common form.

The defendant filed a plea in bar, setting forth, that the said

dog was, and for a long time had been fierce and dangerous, and that he had bitten defendant, and sundry other persons, that all this was known to the plaintiff, and to those he entrusted with the keeping of said dog, and that with this knowledge said dog was suffered to go at large ; wherefore the defendant killed said dog as he had good right to do.

Issue joined, and trial by jury.

On the trial, the defendant offered testimony tending to prove, that the dog at various times and on different occasions for some years before, and up to the time of his death, had growled and sprung upon different people to their great alarm, and that he had bitten and wounded several different persons, both at plaintiff's house and at other places in the presence of the plaintiff, and in the presence of his father whom the said dog accompanied from home ; that he had sprung upon and bitten the defendant at three different times, and that this was known to plaintiff, and to those in whose care the dog then was by plaintiff's permission ; that on the second occasion when bitten, defendant informed the plaintiff's father, with whom the dog then was, that if ever bitten by the dog again, he should kill him ; that a few days after, the said dog being again with plaintiff's father away from home, the said dog again sprung upon the defendant and bit and wounded him ; that on the evening of the same day, said dog accompanied plaintiff's servant about half a mile from plaintiff's house, when the defendant killed him.

The plaintiff then offered testimony tending to prove, that the dog had been provoked by the defendant, but had not bitten him, and that much of his jumping on people was mere sport. On the trial, plaintiff called and examined his father, Samuel Brown, as a witness ; and the defendant for the purpose of discrediting said witness offered and was allowed to prove, though objected by plaintiff, that witness, Samuel Brown, in speaking of the defendant, and of the killing of said dog, said that the defendant was an ugly illtempered bird, and if there was any law to punish him, he, said Samuel, would get it, if it cost $1,000. To the admission of which testimony plaintiff excepted.

The County Court, September Term, 1853,—COLLAMER, J., presiding,—charged the jury that every dog not confined, or physically restrained is a dog at large, within the meaning of the de-

fendant's plea, notwithstanding he is all the time in the presence of his master.

That a dog whose conduct to people is so violent as to occasion alarm for their personal safety, is a *fierce* dog, and that if the jury find this dog was thus fierce, and did unprovoked, bite and wound the defendant and others, so that the jury find that he was a dangerous animal to be at large, and especially if dangerous to the defendant, and that this was known to the owner, and the dog still left unconfined up to the time of his death, they would return a verdict for the defendant.

To so much of the charge of the court as decided what was being *at large*, and to so much as defines what is being *fierce*, the plaintiff excepted.

After verdict for the defendant, the plaintiff interposed his written motion for a judgment for plaintiff notwithstanding the verdict, which motion was overruled by the court; to which plaintiff excepted.

*E. Kirkland* for plaintiff.

I. The county court erred in admitting testimony to prove the declarations made by witness, Samuel Brown, because, 1. The witness should have been asked if he had not made such statements, with time, place, and person mentioned. Roscoe's Ev. 96.

2. The matter inquired about was irrelevant to the issue and it is well settled, that the party making such inquiry is bound by the answer of the witness and cannot contradict it. 7 East. 108. *Harris* v. *Tippett*, 2 Camp. 637.

II. The court erred in instructing the jury, that a dog not confined, or physically restrained, was a dog *at large*. We contend, that a dog by the side of the owner, or his servant, or so near to them as to be under the control, or command of the owner or his servant, is not a dog *at large*. *Commonwealth* v. *Dow*, 10 Met. 384.

III. The motion for judgment *non obstante veredicto* should prevail.

1. If a cause of action be confessed by the plea, and the matter pleaded in avoidance be insufficient, the plaintiff is entitled to a judgment *non obstante veredicto*. *Lambert* v. *Taylor et al.*, 4

Barn. & Cress. 138. *Staple* v. *Hayden*, 6 Mod. 10. *French* v. *Steele*, 14 Vt. 479.

2. This plea does not allege in substance a sufficient justification, and upon a bad justification, judgment shall be given by confession. *Morris* v. *Nugent*, 7 C. & P. 572. *Wells* v. *Wood*, 4 C. & P. 568. *Lacy* v. *Reynolds*, Cro. Eliz. 214. *Vere* v. *Cawder*, 11 East. 568.

3. This plea is not cured by verdict, for it is a statement of defective title or cause of action. 1 Chit. Pl. 681. 2 Saunders 309.

*Keyes & Howe* and *J. D. Bradley* for defendant.

I. The facts alleged in the plea and found true by the jury, constitute a justification for killing the dog.

Because, 1. The facts found, describe a nuisance which any person had a right to abate. *Putnam* v. *Payne*, 13 Johns. 312. *Credit* v. *Brown*, 10 Johns. 365. Cro. Jac. 45. *Hinckley* v. *Emerson*, 4 Cowen 351.

2. These facts show the act of killing was in self-defense.

The dog was fierce and dangerous and had theretofore bitten, &c. defendant and sundry other persons, " knowing which plaintiff allowed him to go at large."

To turn such an animal loose is to endanger all who meet him, and especially those against whom his ferocity is directed. *Leonard* v. *Wilkins*, 9 Johns. 233. *Wright* v. *Ramscott*, 1 Saund. 84.

That the killing was necessary is fairly inferrable from the facts stated in the plea, and the omission to formerly aver the necessity is cured by verdict. 1 Chit. Pl. 673, *et seq.*

II. As to the charge of the judge. The defendant on two occasions had practical demonstration, that the dog was " *at large.*"

III. The proof of Samuel Brown's bitter feelings towards the defendant was properly admitted. It was analogous to the cases of a quarrel between witness and party. *Pierce* v. *Gilson*, 9 Vt. 222.

The opinion of the court was delivered by

REDFIELD, Ch. J. We think that a ferocious and over-grown dog, known to the owner or keeper to be accustomed to bite mankind, is to be regarded as at large, within the common import of

those terms, in a plea in bar, when he is so far free from restraint, as to be liable to do mischief to man or beast; and this, such a dog is always liable to do, when not physically restrained, in the language of the judge in the court below. His being in the presence of his keeper affords no safe assurance that his known propensities will not prevail over the restraints of authority. That is the case with men often, and always liable to be with ferocious animals, as is said by one judge. " I think sufficient caution has not been used ; one who keeps a savage dog is bound to so secure it as to effectually prevent it doing mischief."

As to the sufficiency of the plea, it undoubtedly puts the defense upon the ground that such a dog is *hostis communis*, the common enemy, and may be killed by any one. It alleges, indeed, that this dog had bitten the plaintiff, but does not claim that he was killed in necessary self-defense, at the time ; nor do we think this necessary, in regard to dogs accustomed to bite mankind. That seems to be the law, ordinarily, as to dogs accustomed to chase game or to bite cattle. (*Wells* v. *Head*, 4 Car. & P. 568 ; *Vere* v. *Lord Cawder*, 11 East. 568.) But it is said, in the elementary books, that in a free warren, which is where one has the exclusive right to keep game, one may kill a dog accustomed to chase the game there, although at the time, not in the act of chasing game. (*Wadhurst* v. *Domme*, Cro. Jac. 45.) But the English cases do not seem to me to justify the opinion that it is necessary to show, that the killing a huge, ferocious dog, known to the owner or keeper to be accustomed to bite mankind, can only be justified on the ground that it was done in immediate self-defense. In *Smith* v. *Pelah*, 2 Strange 1264, the chief justice ruled that the master is liable for all damage done by such a dog, who has once bitten a man, even though it happened by such person treading on the dog's toes ; "*for it was owing to his not hanging the dog in the first instance;*" and, it is added, " *the safety of the king's subjects* ought not *afterwards to be endangered.*" This certainly looks very much like making the dog a common nuisance, and so such a dog is classed by Mr. Starkie, (Ev. 2d. Vol. 735, *et seq.*) The language of TINDALL, Ch. J. in *Sarch* v. *Blackburn*, 4 Car. & P. 297, is similar ; and BEST, Ch. J. in *Blackman* v. *Simmons*, 3 Car. & P. 138, lays it down as clear law, that one who keeps such a dangerous animal, knowing its habits, is clearly guilty of "an *aggravated species of man-*

*slaughter, if nothing more,"* if the animal should afterwards kill any one. And what is said by DENMAN, Ch. J., in *Morris* v. *Nugent,* (19 Com. Law R. 535,) is upon the ground of the form of the issue, rather than the rule of law. The New York cases clearly treat such an animal as an outlaw and a common nuisance, liable to destruction. (*Hinckley* v. *Emerson,* 4 Cowen 351; *Putnam* v. *Payne,* 13 Johns. 312.) And this is a doctrine which this court is willing to abide by.

For to say that such a dog is not the common annoyance and terror of a neighborhood, is to deny what every man knows to be emphatically true. Some animals are common nuisances, if suffered to go at large, from their known and uniform instincts and propensities, such as lions and bears, and probably wolves and wild-cats; (B. N. P. 76: *King* v. *Huggins,* 2 Ld. RAY 1583;) and domestic animals, from their ferocious and dangerous habits becoming known to their keepers, thus become common nuisances if not restrained. But such an animal is quite as obviously within the general definition of a common nuisance as a wolf or a wild-cat or a bear, and, if allowed to go at large, as really deserves to be destroyed. If any animal should be regarded as the common terror of all peaceable and quiet-loving citizens, it is such a dog; and the owner who persists in keeping such an animal, without effectually and physically restraining him, so that he can do no one harm, ought not to complain of his destruction. He ought to be grateful to escape so; for he undoubtedly is liable to, and justly deserves exemplary punishment, under the criminal laws of the state; and if one injured, or liable to injury, chooses to right himself by abating the nuisance only, he deserves to be regarded as a public benefactor.

Judgment affirmed.