## PARTLOW *v.* HAGGARTY.

VICIOUS ANIMAL.—Whoever keeps an animal accustomed to attack or bite mankind, with knowledge of its dangerous propensities, is *prima facie* liable to an action for damages at the suit of any person attacked or injured by the animal, without proof of any negligence or fault in the securing or taking care of it. The gist of the action is the keeping of the animal after knowledge of its mischievous disposition.

SAME.—*Complaint.*—Suit to recover for injuries received from being bitten and otherwise injured by a dog. The complaint alleged that the defendant kept the dog, and negligently suffered him to go at large, and that he attacked and bit the plaintiff, without her fault, and greatly lacerated and injured her, &c., and that the defendant had knowledge of the fact that the dog was accustomed to commit such injuries; wherefore, &c.

*Held,* that the complaint was good.

APPEAL from the Hamilton Circuit Court.

DOWNEY, C. J.—The appellee, by her next friend, sued the appellant for injuries received from being bitten and otherwise injured by a dog kept by the appellant, and which, it was alleged, the appellant knew was accustomed to attack and bite mankind. A demurrer to the complaint on the ground that the same did not state facts sufficient to consti-

Partlow v. Haggarty.

tute a cause of action, was overruled; and this is the first alleged error. The complaint alleges that the defendant wrongfully kept the dog, and negligently suffered him to go at large; that he attacked and bit the plaintiff, without her fault, and greatly lacerated, hurt, bruised, and wounded one of her ankles, by means of which she became dangerously sick, sore, and lame, and suffered and underwent great pain, and incurred great expense. It also alleges knowledge on the part of the defendant, of the fact that the dog was accustomed to commit such injuries, and concludes with a demand for two thousand dollars damages. We think the demurrer to the complaint was properly overruled.

Upon an issue formed by a general denial of the complaint, there was a trial by jury, and a verdict for the plaintiff for two hundred dollars. A motion was made by the defendant for a new trial, for the reasons that the verdict was contrary to law, not sustained by the evidence, and because the court refused to give certain charges to the jury asked by the defendant. This motion was overruled, exception entered, and final judgment rendered for the plaintiff, for the amount of the verdict.

The overruling of the motion for a new trial is the only other error assigned.

The evidence abundantly shows that the defendant knew of the vicious disposition of the dog, and that he had bitten one or more other persons. The defendant had frequently found it necessary to interpose when persons came upon the premises, to prevent the attacks of the dog. The dog was kept at some times chained fast to some fixed object, and at other times the chain was fastened to a piece of wood, which he dragged about with him. On the occasion in question, the defendant was not at home, and his wife had shortly before turned the dog loose. The plaintiff, a little girl, having gone to the house, was assisting the defendant's children, at the request of the wife of the defendant, to catch some chickens. The dog, as she testifies, ran against her, knocked her down, tore her clothes, tried to catch her by the throat,

bit her ankle, leg, and other parts of her person, so that she was confined to her bed from that time, the 6th of September, 1869, to the 18th day of December, 1869. There was no evidence materially modifying the testimony of the plaintiff.

The court was requested by the defendant to instruct the jury that if the defendant was not present when the biting occurred, and had a short time before left the dog securely fastened with a chain, and some one, without the knowledge of the defendant, turned him loose, shortly before the biting, then the defendant was not liable, whether the dog was vicious or not. Also, that the defendant was not liable for any carelessness that his wife may have been guilty of in turning the dog loose, in his absence, without his direction; and that if the injury was the result of such carelessness of the wife, the jury should find for the defendant.

The court refused these instructions, and the point was properly reserved.

We think these instructions were correctly refused. Whoever keeps an animal accustomed to attack or bite mankind, with knowledge of its dangerous propensities, is *prima facie* liable to an action for damages at the suit of any person attacked or injured by the animal, without proof of any negligence or fault in the securing or taking care of it. The gist of the action is the keeping the animal after knowledge of its mischievous disposition. Addison on Torts, 184. It was the duty of the defendant to see to it that so dangerous an animal was left in safe hands.

The judgment is affirmed, with ten per cent. damages and costs.

*J. W. Evans,* for appellant.