The plaintiff's declaration alleged that defendant had killed an ass belonging to the plaintiff, to his damage three hundred dollars. The facts were, that the plaintiff bought the animal from one Barnett, with a full knowledge that he was dangerous and had a propensity for injuring and killing stock. With this knowledge the plaintiff did not confine the ass, but permitted him to run at large. It was also shown that the animal had committed sundry depredations upon the stock of defendant; that plaintiff had been informed thereof, and had been advised by defendant that the animal ought to be confined. It was also in evidence that Barnett (the former owner of the ass) informed plaintiff prior to the sale that the ass would attack also persons on horseback.
Sometime after the purchase of the animal by the plaintiff, the defendant heard a noise near his house, and found the ass pursuing a cow belonging to him; that defendant attempted to drive off the ass; before, however, he could reach him, he had thrown the cow, and was standing with his feet in the act of stamping her; that defendant shouted, and as he did so, the ass turned off from the cow, and as he turned, defendant, at the suggestion of the other defendant, fired his gun and shot the ass, from the effects of which the animal died. The (417) defendant testified that he believed the ass would have killed the cow, had he not shot him. *Page 321 
His Honor instructed the jury that if they believed from the evidence that the ass was a dangerous animal, and that it was necessary to kill him to protect the life of his cow, they should find for defendants, to which the plaintiff excepted.
Verdict for defendants. Rule, etc. Judgment and appeal.
There is no error. The rule laid down by his Honor is supported by the cases of Parrott v. Hartsfield, 20 N.C. 110, and Morse v. Nixon, 51 N.C. 84. It is objected however, that it appeared upon the evidence that at the moment when the ass was shot he had turned off from the cow, and therefore the killing could not be justified as being necessary to protect the property of the defendant.
But we are of opinion, that this question was fairly left to the jury, and that there was evidence in support of their finding.
With the weight of the evidence we have nothing to do.
Per curiam.
Judgment affirmed.
Cited: S. v. Smith, 156 N.C. 634.
(418)