ADAM BOECHER, Respondent, *against* GEORGE LUTZ, Appellant.

(Decided January 16th, 1885).

A dog attacked another which was muzzled, and thereby incapacitated for defense; and after having been once driven away, made a second attack upon it, and was then killed by the owner of the dog attacked. *Held,* that such killing by him was justifiable, if necessary to save his dog from serious injury, but not if done unnecessarily, as an act of vengeance.

The killing of a dog may be justified by proof that it was accustomed to bite mankind, and that it was upon the highway unmuzzled and in a condition to do injury to human beings. Proof that the dog was ferocious is not limited to acts within a year prior to the trial; acts of ferocity done at any time may be shown, but they will not make out a defense if it should appear that for a long time the dog had ceased to be dangerous.

APPEAL from a judgment of the district court in the City of New York for the Fourth Judicial District.

The facts are stated in the opinion.

*D. Levy,* for appellant.

*A. H. Berrick,* for respondent.

VAN HOESEN, J.—If the dog was killed whilst attacking the wife of the defendant, the plaintiff has no right of action. But there was a conflict of testimony upon that point, and the justice must have found that the dog did not attempt to bite the defendant's wife.

The defense of a human being is not the only circumstance that will justify the killing of a dog. The owner of an animal may lawfully kill a dog if such killing be necessary to save the animal from death or from serious injury. The killing cannot be done to avenge an attack that has ceased, but can only be justified when done to avert im-

pending danger of death or serious injury to the animal (*Moore* v. *Pearson,* 6 Jones [N. C.] 293 ; *Williams* v. *Dixon,* 65 N. C. 416). If two dogs are fighting, and cannot otherwise be separated, the dog that made the attack may lawfully be killed (*Wright* v. *Ramscott,* 1 Saund. 84). To constitute a justification, it must appear, however, that the killing was necessary, and that the dog that was killed was the aggressor.

In this case, the defendant's dog was muzzled, and thereby incapacitated for defense. The plaintiff's dog was the aggressor, and it made a second attack upon the defendant's dog, after having been once driven away. The defendant then seized the plaintiff's dog, whirled it by its hind legs in the air, and then dashed its brains out against the stones of the street. Was it necessary thus to kill the dog, in order to save the other dog from serious injury, or did the defendant unnecessarily destroy it? The testimony upon that point is conflicting, and there is some evidence that the killing was an act of vengeance. But a finding that the killing was necessary, would not be at all unreasonable (*Leonard* v. *Wilkins,* 9 Johns. 233 ; *Hinckley* v. *Emerson,* 4 Cowen 351).

But the justice erred in excluding evidence that the dog was accustomed to bite mankind. He said that he would not receive evidence that the dog was ferocious unless the acts of ferocity were done within a year prior to the trial. There is no such limit known to the law. Acts of ferocity done at any time may be shown, but they will not make out a defense if it should appear that for a long time the dog had ceased to be dangerous. If, however, it is proved that a dog is accustomed to bite mankind, that it was upon the highway, unmuzzled, and in a condition to do injury to human beings, the killing of it is lawful (*Maxwell* v. *Palmerton,* 21 Wend. 407 ; *Putnam* v. *Payne,* 13 Johns. 312).

We do not intimate what the decision of this case ought to be, but leave it to the justice to apply the law to the facts.

For errors in excluding testimony, we think that there should be a new trial, but we give no costs of appeal.

J. F. DALY, J., concurred.

Judgment reversed and new trial ordered.