Graham v. Payne.

Filed March 1, 1890.

———◆———

No. 13,631.

## GRAHAM v. PAYNE.

ANIMALS.—*Vicious Ram.—Complaint.—Sufficiency of.*—In an action to recover damages for injuries sustained from being butted by a ram, a complaint alleging that the animal had the habit of attacking and butting mankind, and in consequence of said propensity attacked the son of the plaintiff, inflicting serious injuries, is sufficient, without a specific allegation that it was dangerous or vicious.

SAME.—*Confinement.—Matter of Defence.*—In such action the plaintiff is not required to allege that the animal was not confined, that being an affirmative defence which the defendant must allege and prove.

SAME.—*Prima Facie Case.—How Made.—Pleading.*—Where, in such case, the plaintiff alleges the mischievous or vicious propensity of the animal, the injury resulting therefrom and the *scienter*, he makes a *prima facie* case, which the defendant must meet by a denial, or an answer which confesses and avoids the alleged cause of action.

SAME.—*Freedom of Pasture.—Injury to Persons Passing Through.*—Where a mischievous or vicious animal is given the freedom of a pasture-field, and thereby afforded an opportunity to injure and molest any person who may have occasion to go into or pass through the field, the confinement is not such as is regarded in the law.

NEW TRIAL.—*Newly-Discovered Evidence—Diligence.*—Where a new trial is sought on the ground of newly-discovered evidence, it is not error to overrule the motion if it is not stated in the affidavit what diligence was used to obtain the evidence, and the new evidence is only cumulative.

VERDICT.—*Answers to Interrogatories.*—If on any supposed hypothesis the

general verdict and the answers to the interrogatories propounded to the jury can be reconciled, the general verdict must stand.

From the Clinton Circuit Court.

*J. N. Sims, J. G. Adams* and *H. C. Sheridan*, for appellant.

*A. H. Boulden, B. K. Higinbotham* and *M. Bristow*, for appellee.

BERKSHIRE, J.—This was an action by the appellee against the appellant to recover damages resulting from an alleged wrong.

The appellant demurred to the complaint, which demurrer was overruled by the court, and he saved an exception; he then filed an answer in three paragraphs, the first being the general denial. To the second and third paragraphs of the answer the appellee filed a reply, which was the general denial.

The issues joined were submitted to a jury, and a verdict returned for the appellee, together with answers to certain interrogatories which the appellant caused to be propounded to the jury.

The appellant moved for judgment upon the answers to the interrogatories notwithstanding the general verdict, which motion the court overruled, and he reserved an exception. He then moved for a new trial, which motion the court overruled, and he saved an exception. The court thereupon rendered judgment for the appellee:

The errors assigned are:

1. The court erred in overruling the demurrer to the complaint.

2. The court erred in overruling the motion for judgment notwithstanding the general verdict.

3. The court erred in overruling the motion for a new trial.

The facts stated in the complaint may be summarized briefly as follows:

The appellant is the father of Ira F. Payne, who is an infant; that the appellant wrongfully kept a certain ram, well

knowing that it was accustomed to attack and butt mankind; that while the appellant so kept said animal it did attack and butt the said Ira F. Payne, by reason whereof, and without any fault or negligence on the part of the appellee or the said Ira F. Payne, the latter was greatly injured, and by reason of the attack and butting by said sheep his arm was broken, his hip bruised and crushed, and *inguinal hernia* produced, and that he was otherwise bruised, mangled and injured, whereby he has been permanently incapacitated from performing any manual labor; that the appellee has expended large sums of money for medical attention to his said son; that the said son required constant care and nursing for a long period of time; that the appellee has been, and because of the permanent character of said injuries will be in the future, deprived of the services of his said son. These averments are followed with a demand for $3,000 damages.

The complaint is objected to upon the ground that it does not allege that the animal was vicious or dangerous.

We think the complaint is not subject to the objection that is made to it.

It was not necessary to allege that the animal was capable of doing serious injury because of the propensity which it possessed, in any stronger or more definite language than is found in the complaint.

The allegation that the animal possessed the habit of attacking and butting mankind, and that in consequence of said propensity he attacked the son of the appellee, and inflicted the serious injuries alleged, is altogether sufficient. *McCaskill* v. *Elliott*, 5 Strobhart's Law, 196 (53 Am. Dec. 706); *Van Leuven* v. *Lyke*, 1 Comstock, 515 (49 Am. Dec. 346); *Decker* v. *Gammon*, 44 Maine, 322 (69 Am. Dec. 99).

In *Evans* v. *McDermott*, 49 N. J. Law, 163 (60 Am. Rep. 602), it is held: "There is no doubt that in case of animals not naturally inclined to do mischief, a previous mischievous propensity must be shown, and the *scienter* clearly established. The gist of the action is, not the keeping of the animal,

but the keeping with knowledge of the mischievous propensity, whether proceeding from a savage disposition or not." See *Mann* v. *Weiand*, 81½ Penn. St. 243 ; *Pickering* v. *Orange*, 1 Scam. 492 (32 Am. Dec. 35); *Coggswell* v. *Baldwin*, 15 Vt. 404 (40 Am. Dec. 686).

In *Partlow* v. *Haggarty*, 35 Ind. 178, this court said : " The complaint alleges that defendant wrongfully kept the dog, and suffered him to go at large ; that he attacked and bit the plaintiff. * * It also alleges knowledge on the part of the defendant of the fact that the dog was accustomed to commit such injury. * * We think the demurrer to the complaint was properly overruled." *Williams* v. *Moray*, 74 Ind. 25, supports the complaint here involved.

"The keeping of such a dog (vicious) is wrongful and at the peril of the owner, and therefore *prima facie* the owner is liable to any person injured by such dog without an averment or proof of negligence in securing, or taking care of it." *Woolf* v. *Chalker*, 31 Conn. 121 (81 Am. Dec. 175).

If the complaint had alleged that the ram was vicious, without alleging the character of its evil disposition, the objection would probably have been made that the allegation was a mere conclusion, and that the facts going to indicate a vicious disposition should have been averred.

Nor is it our opinion that in an action of the character of the one under consideration the plaintiff is required to allege that the animal was not confined, as the law requires of persons keeping vicious, or mischievous, animals ; that is an affirmative defence which the defendant must allege and prove.

When the plaintiff alleges the mischievous, or vicious, propensity of the animal, the injury resulting therefrom and the *scienter*, he makes a good case upon paper, and one which the defendant must meet by a denial, or an answer which confesses and avoids the alleged cause of action. See the authorities cited above. *Oakes* v. *Spaulding*, 40 Vt. 347 (94 Am. Dec. 404). That was an action much like the one

before us, to recover damages because of injuries done by a ram which had an usual propensity to butt, and had on several occasions attacked and butted persons.

The court adopts the language of Alderson,B., as follows: " In truth, there is no distinction between the case of an animal which breaks through the tameness of his nature, and is fierce, and known by the owners to be so, and one which is *feræ naturæ.*"

And, quoting with approval the following from *Brown* v. *Carpenter*, 26 Vt. 638 (62 Am. Dec. 603), in regard to a ferocious dog : " His being in the presence of the owner affords no safe assurance that his known propensities will not prevail over the restraints of authority ;" and the court goes on to say : " That is the case often with men, and always liable to be with ferocious animals ; as is said by one judge : ' I think sufficient caution has not been used. One who keeps a savage dog is bound so to secure it as to effectually prevent it doing mischief.' These expressions convey what this court regards as the true idea of the law on this subject,— treating the words ' keeper ' and ' keeps ' as referring to the person who is chargeable with the duty of keeping the beast under safe restraint."

The court then refers to *Card* v. *Case*, 57 Eng. Com. Law, 622, and *Popplewell* v. *Pierce*, 10 Cush. 509, and says : "These cases so fully bring to notice the learning of the subject that further special references seem not to be required."

"As resting on the relation of ownership solely, unmodified by peculiar circumstances, it would be the clear duty of the owner of such animal effectually to restrain it from practicing its favorite propensity upon persons who otherwise might accidentally, and without fault on their part, be exposed to its assaults." In that case the ram was the joint property of the defendant, Spaulding and another, and the point was made that the injury occurred while the ram was in the pasture of the other joint owner. To that the court answered : " Being an owner of it, and knowing its

propensity and habit of doing violence to persons, and being charged with the duty of effectually restraining it, and without protestation or counter-effort, permitting it to be in the pasture of his co-owner, and voluntarily remaining ignorant both of the place and manner in which it was kept, and under these circumstances it committed the alleged act of violence and severe injury, he failed utterly to fulfill the duty resting upon him, and stands as nakedly chargeable with liability for the damage as if he alone had owned both the ram and pasture in which the injury was done."

The case in 10 Cushing, *supra,* was an action to recover damages for an injury occasioned by the bite of a horse, and is quite an interesting case upon the subject under consideration. It is alleged in the complaint that the defendant wrongfully and injuriously kept a certain horse which was, during the time, used and accustomed to bite mankind, the defendant well knowing the vicious propensity of the animal. It was held that the complaint was sufficient, and that it was not necessary to charge negligence upon the part of the defendant. There seems to be no difference as to liability between the keeping of a vicious ram and a vicious dog or other animal, as claimed by the appellant. In all cases it is the duty of the owner to restrain the animal so that it can do no injury.

In *Nickerson* v. *Wheeler,* 118 Mass. 295, the court said, referring to the facts of the case as they appeared in *Oakes* v. *Ames, supra:* " The parties to the transaction there were engaged in what was a wrongful act as against any one injured thereby, namely, keeping a vicious animal, and the neglect to take care of it, by reason of which it did injury, was not an act of nonfeasance merely ; the whole act of keeping was one of misfeasance."

The court committed no error in overruling the motion for judgment *non obstante veredicto.*

It is a well settled rule of this court that if upon any supposed hypothesis the general verdict and the answers to the

interrogatories propounded to the jury can be reconciled, the general verdict must stand.

In *Indianapolis, etc., R. R. Co.* v. *Lewis,* 119 Ind. 218, it is said : " They (the answer to interrogatories) override the general verdict only when they both can not stand together, the antagonism being such, upon the face of the record, as is beyond the possibility of being removed by any evidence legitimately admissible under the issues in the cause." See *Grand Rapids, etc., R. R. Co.* v. *Ellison,* 117 Ind. 234, and cases cited.

In one answer the jury say that the ram was in the habit of attacking and butting mankind " occasionally ;" in another that it was habitually and uniformly vicious. This was certainly sufficient as to the character of the animal.

The jury did not answer as to the appellant's knowledge. In view of the rule above stated, it was the duty of the court in ruling upon the said motion, to indulge the presumption that the appellant was fully informed as to the vicious propensity of the said animal.

The jury answered that the injury occurred in an enclosed pasture-field belonging to one Jesse King; that the sheep had been confined in said pasture-field for fourteen months next before the said injury happened, and that the appellant was in no way responsible for the entering of said enclosure by the appellee and his said son.

These answers in no wise excused the appellant from responding to the injury in damages.

To give to a mischievous or vicious animal the freedom of a pasture-field, and thereby affording to him an opportunity to injure and molest any person who may have occasion to go into or pass through the field, is not such confinement as the law regards in this class of cases.

In *McCaskill* v. *Elliott, supra,* the court said :. " Care taken by the defendant, which has failed to prevent what thus he ought to have apprehended and prevented, whilst he

kept the animal, could not be a defence in any action of this kind."

In *Lyons* v. *Merrick*, 105 Mass. 71, it is said by the court: " The owner or keeper of such animals (speaking of vicious or mischievous animals), with actual or implied notice of their character, is bound at his peril to keep them, at all times and in all places, properly secured ; and is responsible to any one who without fault on his own part is injured by them."

What we have here quoted is stated in substance, and approved in *Linnehan* v. *Sampson*, 126 Mass. 506 ; *Pickering* v. *Orange, supra*. In *Coggswell* v. *Baldwin, supra*, it is held that : " It is the duty of the owner of a vicious cow, who has knowledge of the propensity of the animal, to restrain it, and he is, in case of failure, liable for the damage it does."

It is contended by the appellant that the appellee and his son were trespassers in the pasture-field where the sheep was pasturing, and that this is an important element to be considered ; that had they kept out of the field the injury would not have occurred.

In answer to the interrogatories the jury do not find that the appellee and his son were wrongfully in the field, and for all the purposes of the said motion we must presume that they were rightfully there. This leads to a consideration of the motion for a new trial.

Many reasons are assigned in the motion, but we are only called upon to consider such as counsel have presented in their briefs, which are :

1. That the verdict is not sustained by sufficient evidence.

2. The verdict is contrary to law.

3. The damages are excessive.

4. The court erred in its instructions to the jury.

5. The court erred in overruling the motion on the ground of newly-discovered evidence.

Graham *v.* Payne.

In our opinion there is sufficient evidence to support the verdict.

Counsel for the appellant devote considerable time to the character of the evidence, and the credibility of the appellee and his son. As has been held by this court again and again, these were questions for the jury and the *nisi prius* court and not for this court.

We think from the evidence that there can be no question but that the appellee's son was injured, and although not as bad probably as was claimed, the injury was quite a serious one; there can, we think, be no question but that his arm was broken and that he was somewhat bruised elsewhere on his person; and that the injuries were caused by the butting of a sheep of which the appellant was the owner. We are further of the opinion that the evidence justified the jury in finding that the animal had a propensity for butting mankind, and that the appellant had knowledge of its vicious or mischievous habit. Several witnesses testified to attempts on its part to butt persons; sometimes when provoked, and at other times voluntarily without any apparent cause. One witness, Mr. King, in whose pasture the sheep was kept, testifies to the animal having butted him, and that he informed the appellant thereof before the injury received by the appellee's son.

In *Coggswell* v. *Baldwin, supra,* the court said : " The case finds that the cow, on one occasion, had hooked a horse, and that was known to the defendant, and she caused buttons to be put upon her horns as a preventive. Only one act of hooking, before the one complained of, was proved. Still others might have existed—and how far the circumstances tended to prove it, as would authorize a jury to arrive at that conclusion, is not for this court to say. It is enough to say that they might have that tendency."

The testimony in that case in degree is very much like the testimony in this case, and what is said by the court is very much in point in this case. See *Linnehan* v. *Sampson, supra.*

In *Kittredge* v. *Elliott*, 16 N. H. 77, it is said : " We think these cases sustain the proposition, that in order to charge a party for mischief done by his disorderly animal, it is not necessary that he have notice that the animal has frequently ' broken through the tameness of his nature ' into acts of aggression upon man, or upon other animals in the dominion and ownership of man. It is unnecessary to prove more than that the owner has good cause for supposing that the animal may so conduct. And a good cause for so supposing is, that the animal has been known, in a single instance, to throw off the habit of domesticity and tameness, and to put on a savage nature ; and a jury may well conclude, from a single occurrence of the sort coming to the mind of a party, that he had that knowledge of the vicious nature of the animal that makes him liable in the eye of the law for its subsequent acts of misbehavior." This case cites numerous authorities in support of the conclusion to which the court arrived. See note to *Evans* v. *McDermott*, 60 Am. Rep. 602 ; *Rider* v. *White*, 65 N. Y. 54 (22 Am. Rep. 600).

The instructions of the court to which objections are urged are numbers 4, 4½ and 6.

In its fourth instruction the court informed the jury that to entitle the appellee to recover it must have been proven that the appellant kept a vicious and dangerous sheep with knowledge of its evil disposition, and that the appellee's son was injured without negligence on the part of the appellee or his said son contributing to the injury.

The objection taken to the instruction is that the court ignored the fact that the animal was confined in a pasture-field at the time. We have already considered this question. We are of the opinion that the instruction was altogether as favorable to the appellant as he was entitled to have it.

The instruction numbered 4½ is complained of, on the ground, as is claimed, that the court informed the jury that to entitle the appellant to succeed on account of his affirmative answers the averments contained in both paragraphs

must have been proved, when in fact it was only necessary for him to establish the allegations contained in one of them. We are not inclined to the opinion that the instruction will bear the construction placed upon it by the appellant, but if it does the appellant was not injured thereby.

From what we have already held the second paragraph of answer was bad, and therefore it was necessary for the appellant to prove his third paragraph, and there was no evidence tending to show that the appellee and his son were in the pasture-field where the injury occurred as trespassers; upon the other hand, the evidence shows that they were there by permission of the owner and for a lawful purpose.

In *Marble* v. *Ross*, 124 Mass. 44, which was an action for damages for injuries from a castrated bull, or stag, owned by the defendant, the court said: " In the case at bar, it appeared that the defendant knowingly kept a vicious and dangerous stag in a large pasture, and the plaintiffs' intestate, while in the pasture, was attacked and injured by it. The defendant requested the court to rule that if the plaintiffs' intestate was a trespasser in the pasture, they could not recover. We are of the opinion that the court rightly refused this ruling. The mere fact that the intestate was upon the defendant's land without his consent would not defeat the right of action. The unlawful character of his act did not contribute to his injury or affect the defendant's negligence." *Loomis* v. *Terry*, 17 Wend. 497 (31 Am. Dec. 306).

The objection to the sixth instruction is the same as made to the fourth, and we need add nothing to what we have already said. We can not say, in view of the evidence of which the jury were the exclusive judges, that the damages are excessive.

The reason assigning newly-discovered evidence was not well taken, for two reasons: 1. The appellant does not state in his affidavit what diligence he used to obtain evidence. He should have stated the facts, and then we would have been in a position to determine whether or not he was

sufficiently diligent. For all we may know, from his affidavit, the two persons whose affidavits he produces, may have been his nearest neighbors and his intimate friends, with whom he had frequently had consultations about the case.

2. The evidence that the two persons filing affidavits swear they will testify to, is only cumulative. It is true there was no witness who testified to admissions made by the appellant as to his son being afflicted with *hernia* before the injury alleged as the cause of action, but there was testimony upon that subject, which brings the proposed testimony within the rule.

The motion for a new trial was properly overruled. We find no error in the record.

Judgment affirmed, with costs.

Filed March 11, 1890.