FRAMMELL v. LITTLE and Another.

Suit for an injury done by a vicious animal, alleged to belong to the defendants. On the trial, each defendant was permitted to testify that the property in the animal was in a third person, and that its vicious habits were unknown to the witness.

Held, that as there was evidence tending to charge both of the defendants as owners of the animal, that neither was a competent witness for the other, to prove that the property was in any third person.

Held, also, that the question would have been different, if there had been no evidence tending to show that the property was in the defendant offered as a witness to prove that his co-defendant was not the owner.

A person having in charge, as bailee, an animal known to be dangerous, is responsible for its safe keeping, as to the public, as much as if he were the owner.

APPEAL from the *Huntington* Circuit Court.

Wednesday, June 5.

HANNA, J.—*Frammell* sued the appellees, averring that a vicious heifer, their property, had gored and killed a horse of the plaintiff. Answer in denial; trial; and judgment for defendants.

Two questions are raised here: first, upon the reception of evidence; second, upon instructions.

The plaintiff's evidence tended to show that the heifer was *Heffern's*; and perhaps more strongly tended to show that it was *Little's*. The theory of defense was, that the heifer was the property of the wife of *Heffern*, by gift from her father, *Little*; and the evidence for the defense tended to prove it. Upon the trial, the Court permitted *Heffern* to testify that the animal was the property of his wife, and at his request

May Term,
1861.

FRAMMELL
v.
LITTLE.

remained at *Little's;* and that he was not aware of the vicious propensities of said animal; and, also, permitted *Little* to testify, that the heifer belonged to his said daughter, and that he was not aware of her viciousness.

The instruction asked, and given, was to the effect, that if the heifer was the property of *Heffern's* wife, and, at her request, was suffered by *Little* to remain with his cattle, without his agreeing to keep her in an inclosure, he was not liable. The Court refused to qualify this, at request of plaintiff, in substance, that he would be liable as a bailee.

We can not perceive how the jury, on the evidence, other than *Little's* own testimony, could have doubted his knowledge of the vicious habits of the animal; nor can we perceive that the evidence, other than *Heffern's*, raised any doubt that he had been informed of the same fact. Their testimony was improperly received upon these points, if admissible upon any point. Nor was such testimony admissible from either of them, to show that the property was in any other person. If there had been no evidence tending to show that the property of the animal was in the defendant offered as a witness to prove that his co-defendant was not the owner, another question would have been presented. But as there was such evidence, the witness' testimony, while it would relieve his co-defendant, would also have a tendency to relieve himself from the charge of ownership.

As to the ruling on the instructions, we are of opinion that it was erroneous. A person having in charge a dangerous animal, known to be such, is certainly responsible for its safe keeping, so far as the public is concerned, as much as if he was the owner.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*W. O. Daily* and *W. Z. Stuart*, for the appellant.

*J. R. Coffroth*, for the appellees.