No. 11,238.

KEESAER v. BROOKS.

SUPREME COURT.—*Finding.*—*Weight of Evidence.*—Where the evidence is conflicting, the finding of the trial court will not be disturbed by the Supreme Court upon the mere weight of the evidence.

From the Jay Circuit Court.

*J. R. Perdieu, I. Simmons, J. W. Headington* and *J. J. M. La Follette*, for appellant.

*S. W. Haynes, W. E. Cox* and *T. Bailey*, for appellee.

Howk, C. J.—In his complaint in this case the appellant Keesaer, the plaintiff below, alleged that the appellee, on the 1st day of January, 1882, and for a long time thereafter, was possessed of a wild and vicious bull, and it was unsafe and improper to let or permit such bull to be at large, or to go through or along the public highway, of all which the appellee had notice and knew of the vicious habits of such bull; yet, on the 28th day of June, 1882, at Jay county, the appellee being the owner and possessor of such bull, wrongfully, negligently and carelessly permitted the said bull to run at large in the public highway, the said bull being three years old and not permitted to run at large by an order of the board of commissioners of Jay county ; that while the appellant was passing on and along the public highway near George Claycomb's, in Jay county, the said bull attacked the appellant's horse, and gored and horned with its horns and wounded and killed the appellant's said horse, without any negligence or fault of the appellant, whereby the appellant was damaged in the sum of $150.   Wherefore, etc.

The appellee answered by a general denial of the complaint. The issues joined were tried by the court, and a finding was made for the appellee, the defendant below, and, over a motion for a new trial, judgment was rendered accordingly.

In this court the only error assigned by the appellant is the overruling of his motion for a new trial. The only causes

Keesaer v. Brooks.

assigned for such new trial were, that the finding of the court was contrary to law, and was not sustained by sufficient evidence. The burden of the issues in the cause was on the appellant. It was incumbent on the appellant, therefore, to establish by a fair preponderance of the evidence the substantial and material facts alleged in his complaint. These facts were as follows: 1. That appellee's bull was so wild and vicious as to render it unsafe and improper for its owner to permit the bull to be at large, or to go through or along the public highway, of all which the appellee had notice and knew of the vicious habits of such bull; 2. That, with such knowledge, the appellee wrongfully and negligently permitted the bull to run at large in the public highway; and, 3. That without any negligence or fault of the appellant, his horse was gored and killed by the appellee's bull. The evidence is properly in the record, and has been carefully read and considered. It will suffice for us to say that upon all the material questions in the case the evidence is at least conflicting. In such a case, under the long established practice of this court, the finding of the trial court will not be disturbed here on what might seem to be the weight of the evidence. *Cox* v. *State*, 49 Ind. 568; *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73; *Hayden* v. *Cretcher*, 75 Ind. 108; *Cornelius* v. *Coughlin*, 86 Ind. 461.

From the record of this cause we can not say that the court erred, and, therefore, we are bound to say it did not err, in overruling appellant's motion for a new trial. For the ruling of the trial court is presumed to be correct, and the record fails to show that it was erroneous. *Bowen* v. *Pollard*, 71 Ind. 177; *Dunn* v. *Hubble*, 81 Ind. 489; *Loy* v. *Loy*, 90 Ind. 404.

The judgment is affirmed, with costs.

Filed May 7, 1884