LENA HAHNKE, by Guardian, etc., Respondent, *v.* ADAM FRIEDERICH, Appellant.

Where a person keeps a dog for the purpose of guarding his property against trespassers, an inference is proper of knowledge on his part of a propensity of the dog to attack and bite mankind, and of negligence on the part of the owner in allowing him to be at large.

In an action to recover damages for injuries alleged to have been caused by a vicious dog belonging to defendant, it appeared the plaintiff, a child about seven years old, lived with her parents in a house rented of the defendant, situated in the rear of his house and barn. The latter procured the dog about a month before the injury, to guard his property in the barn; he was usually kept chained and muzzled, but escaped, and as plaintiff was passing around defendant's house to the rear, along the side of the house, the dog sprang upon her and bit her. The evi-

dence showed that the dog was vicious. *Held,* that the evidence was sufficient to sustain a recovery.

(Argued October 27, 1893 ; decided November 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 31, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages alleged to have been caused by defendant's negligence.

The facts, so far as material, are stated in the opinion.

*Charles M. Williams* for appellant. *Scienter* is the gist of actions like the case at bar. The notice which will charge the owner with liability for the vicious conduct of an animal must be notice that it was inclined to do the particular mischief which was done. (Cooley on Torts [2d ed.], 402, 405 ; S. & R. on Neg. [4th ed.] §§ 629–631 ; *Kesha* v. *Gates,* 2 T. & C. 288 ; *Twigg* v. *Ryland,* 62 Md. 386 ; Bishop on Non-Contract Law, § 1234 ; *Smith* v. *Donohue,* 49 N. J. L. 548 ; *Moynahan* v. *Wheeler,* 117 N. Y. 287 ; *Buck* v. *Moore,* 12 Bush. 337.)

*Norris Bull* for respondent. The motion for a non-suit was properly denied. (*Jacoby* v. *Ockerhausen,* 129 N. Y. 649 ; *Dickson* v. *McCoy,* 39 id. 400 ; *Quilty* v. *Battie,* 135 id. 201 ; *Kelly* v. *Tilton,* 2 Abb. Ct. App. Dec. 495 ; *Ostrander* v. *Hart,* 130 N. Y. 406 ; *Lynch* v. *McNally,* 73 id. 347 ; *Keenan* v. *G. P. M. Co.,* 46 Hun, 544 ; 120 N. Y. 627 ; *Brice* v. *Bauer,* 108 id. 428 ; *Godeau* v. *Blood,* 52 Vt. 251 ; *Rider* v. *White,* 65 N. Y. 54 ; *Montgomery* v. *Koester,* 35 La. Ann. 1091 ; *Chunot* v. *Larson,* 43 Wis. 536.)

O'BRIEN, J. The plaintiff, a girl of about seven years of age, recovered a verdict of $500 against the defendant for personal injuries inflicted upon her, as she claims, by a vicious

mastiff dog kept by the defendant. The testimony showed that the plaintiff lived with her parents in a house rented to them by the defendant and in the rear of the defendant's residence and barn, no fence separating the lots. The defendant was a mason and contractor, keeping several horses and large quantities of tools and other property in the barn, and he procured the dog about a month before the date of the injury to the plaintiff to guard and defend this property in the barn, where he was usually kept chained and muzzled, but escaped on the occasion in question. On the 3d of April, 1892, the girl having returned from school was passing around to the rear of the house upon a board walk that extended around the house for the use of the inmates. This walk, extending along the side of the house to the rear corner, turns as the house turns towards the kitchen, forming an angle. The dog was lying near the kitchen steps and could not be seen by the girl until the corner was turned. As the plaintiff turned the corner the dog jumped at her, threw her down and bit her in the face and around the neck, inflicting injuries of quite a serious nature and disfiguring her face and features to some extent. The question in the case arises upon an exception to the denial of a motion for a non-suit on the ground that the proof failed to show knowledge by the defendant of the vicious propensities of the dog. There was no question raised as to the sufficiency of the proof to warrant a finding that he was vicious in fact, and undoubtedly there was evidence upon that question for the consideration of the jury. It is, therefore, unnecessary to refer to any other question save the ruling of the learned trial judge refusing to grant the motion for a non-suit. The testimony tended to show that the defendant procured and kept the dog to guard his barn and the property therein, and that he considered it necessary to chain and muzzle him. The purpose for which he was kept and the manner in which the owner was accustomed to restrain him were circumstances which, with the other testimony in the case, authorized an inference by the jury of knowledge by the defendant of the vicious propensities of the animal. (*Brice*

v. *Bauer*, 108 N. Y. 428; *Lynch* v. *McNally*, 73 id. 347; *Rider* v. *White*, 65 id. 54; *Jacoby* v. *Ockerhausen*, 59 Hun, 619; *S. C.* affd., 129 N. Y. 649.)

When a person keeps a dog for the purpose of guarding his property against trespassers or criminals it is not unreasonable to infer knowledge on his part of the propensity of the dog to attack and bite mankind, and negligence in allowing him to be at large. The defendant it is true had the dog only about a month before the plaintiff was injured, but there is testimony in the case that during that time he attacked and bit at least one person, knowledge of which was communicated to him. We cannot, therefore, say that there was no evidence for the jury. It was, we think, a fair question of fact whether the defendant knew that the dog was accustomed or liable to attack people, and if he did he was chargeable with negligence in permitting him to be at large and liable for the injury committed. (*Quilty* v. *Battie*, 135 N. Y. 201.) The learned trial judge correctly held that the question was one for the jury, and the judgment entered upon the verdict must be affirmed.

All concur.

Judgment affirmed. _____