(89 App. Div. 468.)

### NELSON v. BARRETT.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. VICIOUS ANIMALS—SCIENTER—INSTRUCTIONS—REFUSAL.

In an action against the owner of a vicious dog there was uncontradicted evidence that defendant had been told by a saloon keeper next door to his house that the dog interfered with his customers and passers-by, who had made complaint, and that something would have to be done about him. The court charged repeatedly that plaintiff must establish actual notice, brought home to defendant, that the dog had bitten or attempted to bite some one. *Held* that, in view of the evidence and the charge given, it was error to refuse to charge that defendant would be liable if the facts were sufficient to put a reasonable man on inquiry as to whether the dog was dangerous, and defendant failed to heed the warnings.

Appeal from Municipal Court, Borough of Queens, Second District.

Action by Catherine Nelson against John Barrett. From a judgment of the Municipal Court for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Maurice E. Connolly, for appellant.
John T. Robinson, for respondent.

HOOKER, J. The plaintiff sued the owner of a vicious dog, and a jury in the Municipal Court of the city of New York has found a verdict for the defendant. Upon that verdict a judgment was entered, from which the plaintiff appeals.

There was abundant evidence of the vicious propensities of the dog, and the court correctly presented that branch of the case to the jury. Upon the question of scienter, however, we think the court erred in its instructions to the jury. The witness Seimers, who kept a saloon next door to the defendant's home, testified that on many occasions prior to the biting of the plaintiff by the dog he told the defendant that he had complaints from his customers and passers-by that the dog had interfered with them, and said that something would have to be done about the dog, to which defendant replied that they would have to chain it up. The witness Meyers testified that prior to plaintiff's experience she heard Seimers tell defendant that there would be trouble some time if he did not chain the dog up. The defendant does not deny this evidence, but said that Seimers told him that it hurt his trade, and that it was better to get rid of the dog and tie him up. He testified that no one ever notified him that the dog had bitten any one, or was vicious, and never, to his own

knowledge, did he know of the dog biting any one. The court, however, instructed the jury several times during the course of the charge that the plaintiff must establish that actual notice was brought home to the defendant that the dog had bitten some one, or attempted to do so. At the close of the charge the plaintiff requested an instruction that, if the facts were sufficient to have put a reasonable man upon inquiry as to whether the dog was dangerous or not, and the defendant failed to heed the warnings, or totally disregarded them, he was liable; to which the court replied that it would leave that question to the jury. In the light of the antecedent charge in respect to notice to the owner, this remark, coupled with the court's failure to charge as requested, could not well have been considered by the jury otherwise than a refusal, and presented substantial and prejudicial error. Much less evidence than is presented in this case has been held to establish notice. Duval v. Barnaby, 75 App. Div. 154, 77 N. Y. Supp. 337, and cases there cited. The proposition urged by the appellant is well within the authority of those cases, and the doctrine there announced requires us to reverse the judgment.

The judgment and order should be reversed, and a new trial ordered; costs to abide the event. All concur.