(No. 5166. Decided May 13, 1905.)

J. E. Grissom, *Respondent,* v. W. D. Hofius, *Appellant.*[1]

ANIMALS — VICIOUS DOG — PARTNERSHIP — PLEADING AND PROOF — VARIANCE—OWNERSHIP OF DOG—PARTNERS OF DEFENDANT NOT JOINED. In an action for personal injuries sustained through the bite of a vicious dog, it is not a variance that the complaint alleged that the dog belonged to the defendant and the proof showed that it was owned by a copartnership of which the defendant was a member; since the defendant was not misled nor prejudiced by the allegation that he owned the dog, and each partner is liable for the torts of the copartnership.

PARTIES — DEFECT — PARTNERSHIP — COPARTNERS NOT JOINED IN ACTION OF TORT—WAIVER. One partner, sued for the torts of the copartnership, cannot take advantage of any defect in parties defendant, where the objection was not raised by demurrer or answer.

ANIMALS—VICIOUS DOG—SCIENTER—KNOWLEDGE OF KEEPER—EVIDENCE—SUFFICIENCY. In an action for personal injuries sustained through the bite of a vicious dog, there is sufficient evidence of the defendant's knowledge of vicious propensity, where it appears that the dog had previously bitten two other persons in the presence of defendant's watchman, who was the dog's keeper, and who on prior occasions had prevented the dog from attacking others, and that he was kept about the premises as a watch dog, although the defendant and the watchman denied any knowledge of vicious propensity; since the watchman's notice of the dog's disposition was sufficient and was notice to the defendant.

SAME—DAMAGES FOR PERSONAL INJURIES—WHEN NOT EXCESSIVE. In an action for personal injuries sustained through the bite of a vicious dog, a judgment for $3,000 will not be reversed as excessive, where the plaintiff was confined to his bed for seven weeks, and suffered much pain, and at the trial, three months after the injury, his leg was stiff and the wound still a running sore, and where the jury returned a verdict for $4,000, which was reduced by the trial judge.

1 Reported in 80 Pac. 1002.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 28, 1903, upon the verdict of a jury rendered in favor of the plaintiff for personal injuries sustained through the bite of a vicious dog. Affirmed.

*Ballinger, Ronald & Battle,* for appellant, contended, among other things, that there was a fatal variance. *Marsh v. Wade,* 1 Wash. 538, 20 Pac. 578; *Memphis etc. R. Co. v. Chastine,* 54 Miss. 503; 2 Thompson, Trials, § 2251; *Silsby v. Aldridge,* 1 Wash. 117, 23 Pac. 836; *Comegys v. American Lumber Co.,* 8 Wash. 661, 36 Pac. 1087; *Sayward v. Carlson,* 1 Wash. 29, 23 Pac. 830. A partner is not liable for the torts of his copartner, unless authorized or ratified, or done within the proper scope of the business. Story, Partnership, § 168; *Graham v. Meyer,* Fed. Cas. No. 5,673; 1 Lindley, Partnership, p. 147 and note; Collier, Partnership (Perkins ed.), § 457; *Gilbert v. Emmons,* 42 Ill. 143, 89 Am. Dec. 412; *Durant v. Rogers,* 71 Ill. 121; *Marks v. Hastings,* 101 Ala. 165, 13 South. 297; *Taylor v. Jones,* 42 N. H. 25. Hofius would have the right to contribution from his firm. 7 Am. & Eng. Ency. Law (2d ed.), 364-366; *Smith v. Ayrault,* 71 Mich. 475, 39 N. W. 724, 1 L. R. A. 311; *Ankeny v. Moffet,* 37 Minn. 109, 33 N. W. 320; *Johnson v. Torpy,* 35 Neb. 604, 53 N. W. 575, 37 Am. St. 447.

*Brady & Gay,* for respondent.

MOUNT, C. J.—Action for personal injuries caused by the bite of a vicious dog. Plaintiff recovered judgment below, and defendant appeals.

The complaint alleges, in substance, that, on and prior to July 19, 1903, the defendant, W. D. Hofius, was the owner of a bulldog, known to him to be vicious, dangerous, and ferocious; that said Hofius kept said dog on premises

claimed by him, on the tide flats, in the city of Seattle; that across said premises there was a right of way, commonly used by the public generally, with the knowledge and consent of said defendant; that on the 19th day of July, 1903, while plaintiff was lawfully on said right of way going to his regular work, said dog, without any cause therefor, "ferociously, viciously, and maliciously bit and lacerated the plaintiff's left leg, causing the plaintiff great pain, suffering," etc. The defendant answered the complaint by a general denial, and pleaded affirmatively that the plaintiff was a trespasser on said premises at the time of said injury, and that plaintiff's injury was the result of his own negligence and fault. The reply of plaintiff denied the affirmative allegations of the answer. On these issues the case was tried to the court and a jury, which returned a verdict in favor of plaintiff for $4,000. Upon motion, this verdict was reduced to $3,000, which plaintiff elected to take, and a judgment was entered for that amount.

Appellant argues, first, that the proof shows a fatal variance from the allegations of the complaint. The complaint alleges, in substance, that the dog which bit and injured the plaintiff was owned and kept by the defendant, W. D. Hofius. The evidence of the plaintiff and his witnesses was to the effect that the dog was kept by a watchman on premises owned by defendant Hofius, and that defendant admitted that he was the owner of the dog. The evidence of the defendant shows that the dog was owned by "W. D. Hofius & Co.," a copartnership composed of W. D. Hofius and others. Toward the close of defendant's evidence, and after it had been shown that the dog was purchased by funds of the said copartnership, plaintiff's counsel announced that they would admit that the dog belonged to said copartnership at the time of the injury to plaintiff. Appellant then moved the court for a nonsuit upon the ground of a fatal variance, and that the evidence showed a defect of parties.

This motion was denied by the court. The statute upon the question of variance is as follows:

"No variance between the allegation in a pleading and the proof shall be deemed material, unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." Bal. Code, § 4949.

There is no claim, and none can be made, in this case, that the variance actually misled the defendant to his prejudice in maintaining his defense, because defendant well knew, both before and after he filed his answer, that the dog belonged to the copartnership of which he was a member, and not to himself personally. He was, therefore, not misled as to the ownership of the dog. But, if he was misled by the allegation that the dog belonged to him personally and was maintained by him, he was not prejudiced thereby, because the rule is settled that each partner is liable for the torts of the copartnership, and an injured party may sue all the partners, or any one of them. Lindley, Partnership, § 147; 15 Ency. Plead. & Prac., 877, and cases cited. It follows that, if plaintiff had alleged that the dog was the property of, and maintained by, the partnership of W. D. Hofius & Co., the defendant Hofius would still be liable under the facts shown. Appellant cannot now take advantage of the fact that there was a defect of parties. The ownership of the dog was well known to the appellant. The question was not raised by either demurrer or answer, and therefore was waived. Bal. Code, § 4911; *Criswell v. School District,* 34 Wash. 420, 75 Pac. 984.

Appellant next contends that the verdict is contrary to the evidence, because it was not shown that defendant, or any member of the copartnership, or the watchman who was keeper of the dog, had any knowledge of the vicious character of the dog prior to the time of the injury complained of. It is true that all these witnesses testified that they did not know the dog was vicious prior to that time, but several

of the plaintiff's witnesses testified to the vicious character of the dog, and that he had bitten at least two other persons prior to that time, in the presence of the watchman, and that the watchman had, on other prior occasions, prevented the dog from biting others who were attacked without cause. It was also shown that the dog was procured and kept upon the premises with the watchman as a watchdog. In the case of *Robinson v. Marino,* 3 Wash. 434, 28 Pac. 752, 28 Am. St. 50, this court said:

"The owner of a domestic animal is not liable, in the absence of statutory provision, for any injury it may inflict upon others, unless he has notice of its inclination to commit such an injury. But, according to the more modern and more reasonable doctrine, it is not necessary that he should have had actual positive notice. If he has notice that the disposition of the animal is such that it would be likely to commit an injury similar to the one complained of, it is sufficient. It is not necessary that the notice be of injury actually committed. Thus, in the case of a dog known to be vicious and ferocious by its keeper, it is unnecessary to show that he had previously bitten any person. The keeper of such a dog must see to it that he is kept securely, or be responsible for all injury done by him. . . . In *Muller v. McKesson,* 73 N. Y. 195, it was held that in an action against the owner of a ferocious dog for injuries inflicted by it, proof that the animal is of a savage and ferocious disposition is equivalent to express notice. And it has even been held that the knowledge of the wife is the knowledge of the husband in such cases. 2 Shearman and Redfield on Negligence, § 630, note."

And, also, that knowledge of the keeper is knowledge of the master. *Corliss v. Smith,* 53 Vt. 532; *Brice v. Bauer,* 108 N. Y. 428, 15 N. E. 695, 2 Am. St. 454; *Hahnke v. Friederich,* 140 N. Y. 224, 35 N. E. 487. Under the rule as laid down in the cases above cited, there was sufficient evidence to go to the jury as to whether or not the defendant knew, or should have known, the vicious disposition of the dog, and the verdict of the jury is conclusive of the question.

Appellant next contends that the judgment for $3,000 is excessive. The evidence shows, that the bite caused a very severe wound at the knee of the left leg; that, soon after the wound was inflicted, blood poisoning set in, the leg turned black, and was much swollen. Respondent was confined to his bed for seven weeks, under the care of a physician and nurses. He suffered much pain. He testified that during that time he suffered much fear that hydrophobia would result from the wound. At the time of the trial, which occurred some three months after the date of the injury, the wound was still a running sore, and plaintiff's leg was stiff, and his surgeon testified that the leg might remain stiff permanently, but that it would probably become normal in time. Taking all these things into consideration—also, the fact that the jury returned a verdict for a larger amount, and that the trial judge who saw the condition of the respondent fixed the amount of the recovery at $3,000, we are not disposed to disturb the judgment as being excessive.

Appellant contends lastly that the instructions given by the court to the jury were erroneous, because the case was not submitted upon the theory that, if the appellant was liable at all, he was liable only as joint wrongdoer. But we have already held above that this question was waived by the appellant. It is unnecessary to discuss it further. We have examined all of the instructions given in the case, and find that they fairly presented the law of the case to the jury.

There is no error in the record, and the judgment appealed from is therefore affirmed.

FULLERTON, HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.