## GORDON v. KAUFMAN.

[No. 6,560. Filed November 19, 1909.]

1. PLEADING.— *Complaint.—Indefiniteness.—Misleading.—Trial.*—A complaint alleging that defendant kept a vicious dog and that he knew that such dog was vicious, and that such dog bit the plaintiff, will be held sufficient, though there is no direct allegation that defendant knew of the dog's viciousness before it bit the plaintiff, it being manifest from the proceedings at the trial that defendant was not misled thereby. p. 606.

2. NEGLIGENCE.—*Dangerous Animals.—Dogs.—Liability for.—Trial.*
—A person who knowingly keeps a vicious dog is liable to a person, without fault, who is bitten by such dog; and in an action for damages therefor it is not necessary for the plaintiff to show that the defendant was negligent in failing to guard such dog. p. 607.

3. TRIAL.— *Instructions.— Negligence.— Vicious Dog.—Notice.*—An instruction that the burden is upon the plaintiff to prove the allegations of his complaint, one of which was that the defendant knew that his dog was vicious, and that if the defendant did not know thereof, the verdict should be for him, is not erroneous on the ground that it puts the burden of proof upon the defendant to show that he did not know of the vicious character of his dog. p. 608.

4. TRIAL.—*Instructions.—Invited Error.*—One who requests the giving of a certain instruction is estopped from complaining where a similar instruction was given at the request of his adversary. p. 608.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by David M. Kaufman against Jesse S. Gordon. From a judgment on a verdict for plaintiff for $400, defendant appeals. *Affirmed.*

*Abram Simmons* and *Frank C. Dailey,* for appellant.

*L. L. Simons* and *John S. Branyan,* for appellee.

MYERS, J.—The appellee recovered judgment against the appellant for personal injuries. The appellant's demurrer to the complaint for want of sufficient facts was overruled.

It was alleged in the complaint that "on and prior to December 8, 1905, the defendant, residing in the town of Warren, kept a dog, which, as he well knew, was of a fierce and dangerous nature, and improper to be allowed to run at large, and which, as he also well knew, was accustomed to attack and bite mankind, yet the defendant wrongfully and negligently allowed his said dog to run at large upon the streets of Warren, without being properly muzzled; that on said date said dog, without any fault on the part of the plaintiff, attacked and wounded plaintiff by biting, lacerating, injuring and wounding his left leg," etc.

There was an answer in denial, and a jury returned a verdict in favor of the appellee. Appellant's motion for a new trial was overruled. The errors assigned relate to the sufficiency of the complaint for want of facts, and to the overruling of the motion for a new trial. The reasons here argued in support of the motion for a new trial require us to consider the action of the court in refusing to give instruction seven, requested by appellant, and instructions eight and ten, given by the court to the jury upon its own motion.

A disposition of the questions pertaining to the instructions will dispose of this case.

Instruction seven, tendered and refused, was as follows: "I instruct you that if you find from the evidence that the defendant had caused said dog to be securely confined by a chain, on the day of the injury to the plaintiff, and that said dog had been turned loose on said day, prior to the injury, without the knowledge or consent of the defendant, and while said defendant was absent from his place of business where said dog was so confined, and that while said dog was so turned loose, without the knowledge or consent of the defendant, he attacked and bit the plaintiff, and thereby caused the injury alleged in the complaint, then the defendant would not be responsible for said injury and would not be liable for damages therefor, and your verdict should be for the defendant."

Instruction eight, given by the court, was as follows: "As already stated, the burden of proof is upon the plaintiff to prove each and all of the material allegations of his complaint by a preponderance of the evidence. One of the material averments of the complaint, as already stated, is that the defendant kept a dog which, as he well knew, was of a fierce and dangerous nature, and which he well knew was accustomed to attack and bite mankind. I therefore instruct you that if you should find that the dog in question

was kept by the defendant, and that said dog was of a fierce and dangerous nature, and was accustomed to attack mankind, yet if you further find that the defendant did not know that his said dog was of a fierce and dangerous nature, and did not know that his said dog was accustomed to attack and bite mankind, your verdict should be for the defendant, even though you should find that the plaintiff was bitten by said dog, and was injured and damaged thereby, as alleged in the complaint.''

By instruction ten the jury was told that ''it is the law that the owner or keeper of a domestic animal which is vicious, and which is prone or accustomed to do violence and to attack and bite mankind, having knowledge of such violent disposition and habit, must safely and securely keep such animal so that it cannot inflict injury.   Whether or not there was special negligence in permitting the dog's escape from the premises is not the inquiry.   The keeper must, at his peril, after knowledge of such viciousness, safely keep such animal; such is the consideration on which the ownership or custody of known vicious animals is tolerated. Ownership or custody of such vicious animal is not one of the natural inherent rights of property.   It is a qualified or restricted right—qualified by the condition that the animal can be and is safely confined and kept.''

By way of objection to the complaint, it is said on behalf of appellant that knowledge by the defendant that his dog was vicious is alleged, but that it is not sufficiently

1. shown whether the knowledge existed before or after the injury.   We think that taking the entire complaint together the pleading would not injuriously mislead the defendant.   It is manifest from the instructions to the jury that neither the parties, the court, nor the jury were so misled.   The appellant has not suggested any other supposed fault in the complaint.

In *Frammell* v. *Little* (1861), 16 Ind. 251, it was said: ''A person having in charge a dangerous animal, known to

be such, is certainly responsible for its safe-keeping,
2. so far as the public is concerned, as much as if he
was the owner.''

In *Partlow* v. *Haggarty* (1871), 35 Ind. 178, it was held
that '' 'whoever keeps an animal accustomed to attack or
bite mankind, with knowledge of its dangerous propensi-
ties, is, *prima facie*, liable to an action for damages at the
suit of any person attacked or injured by the animal, with-
out proof of any negligence or default in the securing or
taking care of it. The gist of the action is the keeping the
animal after knowledge of its mischievous disposition.' Ad-
dison, Torts [3d ed.], 184. It was the duty of the defendant
to see to it that so dangerous an animal was left in safe
hands.''

The doctrine announced in the cases last cited was fol-
lowed and reaffirmed in the case of *Williams* v. *Moray*
(1881), 74 Ind. 25.

Taking these cases together as the expression of the law,
the person who keeps such an animal with knowledge of its
vicious disposition is liable to any person injured by the
animal without his fault; and in an action to recover for
such injury it is not necessary to allege or prove any negli-
gence or fault in the securing or taking care of the animal
by the defendant. The failure to secure the animal known
to be dangerous renders the keeper liable for injury caused
by the animal to one not at fault, the cause being treated as
an action for negligence. *Graham* v. *Payne* (1890), 122
Ind. 403; *Clanin* v. *Fagan* (1890), 124 Ind. 304; *Dockerty*
v. *Hutson* (1890), 125 Ind. 102; *Klenberg* v. *Russell* (1890),
125 Ind. 531.

The law being thus settled in our State, we deem it not
important to examine conflicting decisions in other juris-
dictions cited by appellant for the purpose of ascertaining
how far they are dependent upon statute in derogation of
the common law.

The case of *Keesaer* v. *Brooks* (1884), 95 Ind. 252, can-

not be treated as establishing a doctrine contrary to that announced in the cases herein cited.

The appellant objects specifically to instruction eight, before quoted, on the ground that it gave the jury to understand that, before they could find in his favor, it was necessary for the proof to show that the defendant did not know of the viciousness of his dog. By repeated statements in this instruction the burden was put upon the plaintiff of proving the defendant's previous knowledge of the animal's vicious habit; and, furthermore, appellant is in no position to complain, for, upon an examination of the record it appears that this instruction was an exact copy of instruction six, asked for by the appellant and given by the court, except the words "as already stated," at the beginning, and the words "as also already stated," in the body of instruction eight.

Judgment affirmed.