## HOLT v. MYERS.

[No. 7,096.   Filed November 29, 1910.   Rehearing denied February 15, 1911.]

1. APPEAL.—*Evidence not in Record.—Instructions.—Presumptions.* —In the absence of the evidence, instructions will not be regarded as erroneous if justified by any evidence admissible within the issues.   p. 120.

2. ANIMALS.—*Vicious.—Negligence.*—The owner of a vicious dog, knowing him to be such, is liable to a person injured by such dog, without his fault; and it is not necessary for the injured person to prove negligence in the securing of such dog.   p. 120.

3. APPEAL.—*Evidence not in Record.—Instructions.—Vicious Dogs.* —*Notice.—Express and Implied.*—Where an instruction states that the owner of a vicious dog is liable for injuries inflicted thereby, upon proof of notice, express or implied, that the dog was vicious, the court on appeal, in the absence of the evidence, will presume that there was evidence of express notice.   pp. 120, 121.

4. APPEAL.—*Evidence not in Record.—Instructions.*—Where instructions would be incorrect under any admissible evidence, the judgment will be reversed, though the evidence is not in the record.   p. 121.

5. ANIMALS.— *Vicious.— Implied Notice.— Liability.*— The owner of a vicious dog is liable to an injured person upon proof of implied notice of the animal's vicious propensities.   pp. 121, 122.

6. ANIMALS.— *Dogs.— Viciousness.— Notice of.— Evidence.*— Evidence that a dog is ferocious is, under some circumstances, sufficient to charge his keeper with notice of the dog's propensity to attack persons.   p. 122.

7. ANIMALS.—*Dogs.—Viciousness. — Notice. — Evidence of.* — The purpose for which a watch dog is kept, is evidence of the vicious character of such dog, and authorizes an inference that the owner knew of his propensity to attack persons.   p. 122.

8. ANIMALS.—*Viciousness of.—Notice.—Evidence.*—Proof of the savage and ferocious disposition of an animal is equivalent to proof of express notice to the owner of such disposition.   p. 122.

From Hancock Circuit Court; *Robert L. Mason*, Judge.

Action by Fred Myers against Sterling R. Holt. From a judgment for plaintiff, defendant appeals. (For opinion on motion to dismiss appeal, see 43 Ind. App. 538.) *Affirmed.*

*Kealing & Hugg,* for appellant.

*E. M. Hornaday,* for appellee.

COMSTOCK, J.—Appellee sued appellant to recover damages for injuries alleged to have been inflicted upon him by a vicious dog owned by appellant. The cause was put at issue by a general denial to the amended complaint. The jury returned a verdict in favor of appellee for $300. Appellant filed his motion for a new trial, which was overruled upon appellee's remitting $150 of the verdict and judgment rendered against appellant for $150 and costs.

The only error relied upon for reversal is the action of the court in overruling appellant's motion for a new trial; and of the reasons therefor, only the one, that the court erred in giving instructions nine, eleven and twelve, of its own motion, is discussed.

We set out such part of said instructions as will make clear appellant's claim. Said ninth instruction reads: "Before the plaintiff is entitled to recover, the evidence must show by a fair preponderance, that the defendant kept a vicious dog at his place, which he permitted to run at large, and on the public highway near his place and that he knew *or should have known by the exercise of reasonable care* that said dog was vicious and likely to attack and injure persons while passing along the public highway," etc. Said eleventh instruction reads: "If you find from a preponderance of all the evidence that the defendant kept a dog which had a propensity to bite mankind and which fact was known to the defendant *or should have been known by the exercise of reasonable care,* then it was his duty to keep said dog confined and if he failed to do so, and through such failure plaintiff was damaged then you should find for plaintiff," etc. The twelfth reads: "The burden of proof is upon the plaintiff to prove to your satisfaction by a fair preponderance of the evidence that the defendant knew *or should have known by the exercise of reasonable care*

that the dog alleged to have injured plaintiff had bitten or attacked others prior to the time,'' etc. The words italicised constitute the alleged error.

It is claimed that the court erred in each of these instructions, as placing upon the appellant a greater degree of care than the law requires; that they charge him with constructive notice of acts committed by his dog. In other words, the instructions complained of put upon appellant a continuing duty of watchfulness over his dog, equivalent to the duty of inspection on the part of a master to his servant. It is also the claim of appellant that the vicious character, propensities or acts of the dog must be brought to the knowledge of the owner.

No attempt is shown to make the evidence a part of the record. Where the evidence is not in the record, a judgment will not be reversed for an instruction given 1. which would be proper under any state of facts provable under the issues. *Abney* v. *Indiana Union Traction Co.* (1908), 41 Ind. App. 53.

The person who keeps a vicious dog, with knowledge of its vicious disposition, is liable to any person injured by the animal without his fault; and in an action to recover 2. for such injury it is not necessary to allege or prove any negligence by defendant in securing or taking care of the animal. The failure to secure the animal known to be dangerous renders the keeper liable for injuries caused by the animal to one not at fault, the cause being treated as an action for negligence. *Gordon* v. *Kaufman* (1909), 44 Ind. App. 603; *Partlow* v. *Haggarty* (1871), 35 Ind. 178; *Williams* v. *Moray* (1881), 74 Ind. 25, 39 Am. Rep. 76.

It was competent to show that appellant had actual knowledge of the dangerous propensities of his dog, and, in the absence of the evidence, it will be presumed that this 3. was done. If the evidence showed that appellant had actual knowledge of the dangerous character of his

dog, the instructions relating to constructive notice would have been harmless.

Judgment affirmed.

## On Petition for Rehearing.

Adams, J.—A petition for a rehearing is presented in this case, based upon the ground that the court erred in holding as harmless that part of instructions nine, eleven and 3. twelve which reads "or should have known by the exercise of reasonable care." It is assumed by counsel for appellant that the court in the original opinion conceded that the words were erroneous. The opinion will not bear such construction, but holds that as the evidence was not in the record the court must assume that there was evidence of actual notice of the vicious nature of the dog, and, if such proof was before the jury, then the charge that appellant would be bound by constructive notice was harmless.

There is no denial in the opinion of the well-settled rule that where no evidence could be introduced under the issues that could have rendered the instructions proper, 4. the cause must be reversed, even though the evidence is not in the record.

Appellant was charged in the complaint with owning and keeping a large and vicious bull dog upon his stock farm, and that he knew of the dog's propensities to bite and 5. attack persons, or should have known them by the exercise of reasonable care. Counsel for appellant are in error in assuming that constructive notice could not be shown in a case of this kind. Proof could have been offered upon the trial showing the vicious propensities of the dog, for the purpose of charging appellant with notice; and, assuming that such proof was offered, the instructions were correct and are abundantly supported by authority.

It is sufficient to prove that the dog was of a ferocious nature to charge his keeper with knowledge that under some

circumstances the dog would attack persons. *Barclay* v. *Hartman* (1896), 2 Marv. (Del.) 351, 352, 43 Atl. 174; *Godeau* v. *Blood* (1880), 52 Vt. 251, 36 Am. Rep. 751; *Kittredge* v. *Elliott* (1844), 16 N. H. 77, 41 Am. Dec. 717. If a dog is kept as a watch dog, the very purpose for which he is kept is evidence of his vicious character. *Brice* v. *Bauer* (1888), 108 N. Y. 428, 15 N. E. 695, 2 Am. St. 454; *Duval* v. *Barnaby* (1902), 75 App. Div. 154, 77 N. Y. Supp. 337; *Nelson* v. *Barrett* (1903), 89 App. Div. 468, 85 N. Y. Supp. 817; *Hahnke* v. *Friederich* (1893), 140 N. Y. 224, 35 N. E. 487. In the last case it is said: "When a person keeps a dog for the purpose of guarding his property against trespassers or criminals it is not unreasonable to infer knowledge on his part of the propensity of the dog to attack and bite mankind, and negligence in allowing him to be at large."

It is held in the case of *Robinson* v. *Marino* (1892), 3 Wash. 434, 28 Pac. 752, 28 Am. St. 50, in a similar action, that it is not necessary for the owner to have actual notice. The court said: "If he has notice that the disposition of the animal is such as it would be likely to commit an injury similar to the one complained of, it is sufficient. It is not necessary that the notice be of injury actually committed." This case is followed in the later case of *Grissom* v. *Hofius* (1905), 39 Wash. 51, 55, 80 Pac. 1002.

It has been uniformly held that proof of the savage and ferocious disposition of an animal is equivalent to proof of express notice. *Muller* v. *McKesson* (1878), 73 N. Y. 195, 29 Am. Rep. 123; *Grissom* v. *Hofius, supra; Robinson* v. *Marino, supra; Earl* v. *Van Alstine* (1850), 8 Barb. 630. It has also been held the knowledge may be imputed. *Corliss* v. *Smith* (1881), 53 Vt. 532; *Hahnke* v. *Friederich, supra; Brice* v. *Bauer, supra.* In the case last cited it is said: " 'A man who keeps a dog is bound either to have it under his own observance and inspection, or if not, to appoint some one under whose observation it

may be, and that person's knowledge is the knowledge of the owner' [*Baldwin* v. *Casella* (1872), L. R. 7 Ex. 325]."

"When it appears that a domestic animal is vicious, and has a propensity to do mischief, of which facts the owner or keeper has notice, either express or implied, the law imposes the duty upon such owner or keeper of keeping such animal secure, from which duty a liability arises· in favor of any person who without his fault is injured by it, either in person or property." *Knowles* v. *Mulder* (1889), 74 Mich. 202, 41 N. W. 896, 16 Am. St. 627.

Rehearing denied.