ANGELA MOLNAR, Respondent, v. EUGENE BALFOUR, Appellant.

Supreme Court, Appellate Term, First Department, April 30, 1931.

*Frank Case Hayden*, for the appellant.

*Robert Seelav*, for the respondent.

PER CURIAM. Judgment affirmed, with twenty-five dollars costs.

LYDON and LEVY, JJ., concur.

FRANKENTHALER, J. (dissenting). I dissent from the affirmance of plaintiff's judgment.

In this action to recover for injuries sustained by plaintiff as a result of an attack by defendant's dog, plaintiff's claim was that the defendant was negligent " in permitting a dog to be at large knowing the said dog to be vicious."

Plaintiff resided at No. 680 Riverside drive, near One Hundred and Forty-fifth street. On or about October 28, 1928, shortly after midnight, she was with a friend on her way to the subway station at One Hundred and Forty-fifth street and Broadway; she had her muzzled bull dog with her on a leash. Defendant lived around the corner from the drive on One Hundred and Forty-fifth street, and plaintiff testified that when she came near defendant's house defendant's dog jumped at her, struck her in the chest and knocked her down; that as she threw up her arm to protect herself the dog bit her on the arm, and that she got " a small nick " on her face where the dog missed her cheek.

Defendant testified he was sitting in the living room in the basement of his house; that the door to the street was open, and he heard a dog barking at a dog outside; that he rushed out into the street and saw plaintiff's bull dog and defendant's dog — a cross between an Irish terrier and a sheep dog — plunge at each other; that defendant started to kick the dogs apart; that while the plaintiff was bent down over the dogs they knocked her down; that defendant kicked his dog into the street, got hold of him by the collar and brought him into the house; that neither dog had a muzzle on; and the first time he knew that the plaintiff had been bitten was when he was served with the papers in this action.

The ground of plaintiff's recovery as pleaded being that the defendant was negligent in permitting his dog to be at large knowing the dog to be vicious, it was incumbent upon plaintiff to show, as alleged, that defendant's dog was vicious and that he knew or had notice of the vicious propensity of the animal — not necessarily that the dog had bitten some one before the accident to the plaintiff, for if it was shown that the dog was of a vicious and savage nature, as in some of the watch dog cases, that fact would doubtless afford a sufficient basis for a finding that the owner was negligent in permitting the animal to be at large. (*Muller* v. *McKesson*, 73 N. Y. 195.)

To establish scienter plaintiff called as a witness her neighbor Underhill who testified that some months prior to the accident he had his police dog in the street in leash and muzzled and defendant's dog " crossed the street and broke the leash and came over and started a fight with my dog, and I put my hand down to separate them and the dog bit me; " that the dog bit the witness on the hand; that he did not have to go to a doctor; that he " put a little iodine on."

It was not claimed that defendant's dog was of a vicious breed and in my opinion the prior attack on Underhill's dog is no evidence of ferocity.

As outlined in the statement by plaintiff of his cause of action plaintiff was required to prove a prior attack by the dog of which the defendant had notice, and the " notice which charges the owner with the duty must be a notice that the animal was inclined to do the particular mischief that has been done." (2 Cooley Torts [3d ed.], 694, 695, 697.)

In *Keightlinger* v. *Egan* (65 Ill. 235) it appeared that the trial court charged the jury: " 1. If the jury believe, from the evidence, that the plaintiff Edwin E. Egan, was bitten by defendant's dog * * * and that said dog was of savage and ferocious disposition, and known by the defendant to be such at and before the time of such biting, then the jury should find for the plaintiff such damages as in their judgment from the evidence in this cause, the plaintiff ought to recover, not exceeding the sum of $3,000." The Supreme Court said (p. 237): " The state of facts set out in the first instruction would not entitle the plaintiff to a recovery. The dog might have been of savage and ferocious disposition as respected other animals, and yet of a different disposition toward persons. To charge defendant he must have had knowledge of the dog's propensity to do similar mischief — that is, to bite mankind, and not animals only."

As our Court of Appeals said in *Hahnke* v. *Friederich* (140 N. Y. 224, at p. 227): " The defendant it is true had the dog only about a month before the plaintiff was injured, but there is testimony in the case that during that time he attacked and bit at least one person, knowledge of which was communicated to him. We cannot, therefore, say that there was no evidence for the jury. It was, we think, a fair question of fact whether the defendant knew that the dog was accustomed or liable to attack people, and if he did he was chargeable with negligence in permitting him to be at large and liable for the injury committed."

There being no evidence of the dog's propensity to do mischief similar to that complained of, that is to bite mankind, no cause of action was established. Defendant's dog did not attack Underhill, and the so-called " bite " on the hand received by the witness in separating the animals, and for which as he testified " a little iodine " sufficed, was purely accidental. It follows that defendant's motion to dismiss, renewed at the close of the case, should have been granted.

Whether the defendant was negligent in allowing his dog to be on the public street without a leash was not litigated.

The judgment should be reversed and judgment directed for defendant.