Chermak v Benegas (2024 NY Slip Op 51070(U))

[*1]

Chermak v Benegas

2024 NY Slip Op 51070(U)

Decided on August 19, 2024

Supreme Court, Richmond County

Castorina, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 19, 2024
Supreme Court, Richmond County

Ivanna Chermak, Plaintiff,

against
Marco Tulio Benegas, JULIO BENEGAS and KARLA MILIAN, Defendants.

Index No. 151463/2023

Counsel for the Plaintiff:
William Pager, Esq.
Law Offices of William Pager 
205 Kings Highway
Brooklyn, NY 11223 
Phone: (718) 998-1010 
E-mail: pagerstaff@gmail.com
Counsel for Defendant:
Jeffrey P Yong, Esq.
Martyn Smith Murray & Yong 
102 Motor Parkway, Suite 230
Hauppauge, NY 11788 
Phone: (516) 739-0000 
E-mail: jeffrey.yong@libertymutual.com

Ronald Castorina, Jr., J.

The following papers number 21-30 via NYSCEF were read on this motion. Oral argument was heard on the motion on August 14, 2024. This is a Decision and Order on Motion Sequence #001. 
Discussion
For at least 188 years (see e.g. Vrooman v. Lawyer, 13 Johns 339 [1816] ), the law of this state has been that the owner of a domestic animal who either knows or should have known of [*2]that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities (see Hosmer v. Carney, 228 NY 73 [1920]; see also Restatement [Second] of Torts § 509). Vicious propensities include the "propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (Dickson v. McCoy, 39 NY 400, 403 [1868] ).
Knowledge of vicious propensities may of course be established by proof of prior acts of a similar kind of which the owner had notice (see Benoit v. Troy & Lansingburgh R.R. Co., 154 NY 223, 225, [1897]; see also 5A—5 Warren, Negligence in New York Courts § 5.04[6] [2003] ). In addition, a triable issue of fact as to knowledge of a dog's vicious propensities might be raised—even in the absence of proof that the dog had actually bitten some-one—by evidence that it had been known to growl, snap or bare its teeth. Also potentially relevant is whether the owner chose to restrain the dog, and the manner in which the dog was restrained (see Hahnke v. Friederich, 140 NY 224, 226 [1893]; see also Rider v White, 65 NY.54, 55—56 [1875] ). The keeping of a dog as a guard dog may give rise to an inference that an owner had knowledge of the dog's vicious propensities (see Hahnke, 140 NY at 227).
In addition, an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit.
Defendants move for Summary Judgment pursuant to CPLR §3212 on the issue of liability, thus seeking absolute dismissal of all claims made by Plaintiff. Preliminarily, the drastic remedy of summary judgment should be granted only if there are no material issues of fact (see Andre v. Pomeroy, 35 NY2d 361, 364; Akseizer v Kramer, 265 AD2d 356). On a motion for summary judgment, the function of the court is not to determine issues of fact or credibility, but merely to determine the existence of such issues (see Tunison v DJ Stapleton, Inc, 43 AD3d 910; Kolivas v Kirchoff, 14 AD3d 493; Scott v Long Is Power Auth, 294 AD2d 348). Moreover, since summary judgment is the procedural equivalent of a trial, it must be denied if any doubt exists as to a triable issue or where a material issue of fact is arguable (see Celardo v Bell, 222 AD2d 547, 548). Further, in deciding such a motion, the facts alleged by the nonmovant and inferences that may be drawn therefrom must be accepted as true (see Doize v Holiday Inn Ronkonkoma, 6 AD3d 573; Mosheyev v. Pilevsky, 283 AD2d 469).
Defendants motion fails, and is hereby DENIED, as there are several blaring issues of fact. Notably, two witnesses, Karla Milan and her son Marco Tulio Barnegas, offer conflicting testimony. According to Karla Milan, the subject dog is a docile dog who "never growled, barked, scratched or bit," never required or received "obedience lessons," never needed to be "reatrained or controlled" and never needed to be prevented from jumping or growling at somebody "or trying to bite somebody." For example, Karla Milan testified that the subject dog never barked, including at other dogs [EBT Transcript pp. 28-30]. 
Contradicting his mother's testimony, Marco Banegas testified that the subject dog "barked at other dogs, "like every other day" [EBT Transcript p. 39]. In her testimony, Karla Milan claimed that the subject dog never had to be controlled or pulled closer, when people or animals got near the dog [EBT Transcript p. 29]. On the contrary, her son Marco Banegas testified that he would need to pull the subject dog closer by leash, to avoid "altercations" with other dogs [EBT Transcript p. 39]. 
Notably absent from Defendant's motion, is Plaintiff's EBT transcript, wherein Plaintiff [*3]testifies had witnessed the subject dog display all the behavior and traits that the Second Department case law describes as pointing to "vicious propensities." Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm (Cantore v Costantine, 221 AD3d 56 [2d Dept 2023]). 
Knowledge of an animal's vicious propensities may also be discerned, by a jury, from the nature and result of the attack (see Lynch v Nacewicz, 126 AD2d 708, 708, 511 N.Y.S.2d 121; DiGrazia v Castronova, 48 AD2d 249, 252; cf. Perrotta v. Picciano, 186 App.Div. at 783; see also Collier v. Zambito, 1 NY3d at 450). Here, given the intensity and ferocity of the attack on the Plaintiff, Defendants failed to eliminate all triable issues of fact as to whether they knew or should have known of the vicious propensities of the subject dog (see Varvaro v Belcher, 65 AD3d 1225, 1225—1226; Francis v Becker, 50 A.D3d 1507, 1508). Accordingly, Defendant's motion pursuant to CPLR §3212 seeking dismissal of the Plaintiff's complaint, is hereby DENIED. 
Decretal Paragraphs
It is hereby ORDERED, that Defendant's motion pursuant to CPLR §3212 seeking dismissal of the Plaintiff's complaint, is DENIED, and it is further;
ORDERED, that the clerk of the court shall enter judgment accordingly. 
This shall constitute the Decision and Order of the court. Counsel is directed to appear for a settlement conference on September 18, 2024 at 9:30AM in Part 7, Courtroom 330. 
Dated: August 19, 2024
Staten Island, New York
HON. RONALD CASTORINA, JR.
JUSTICE OF THE SUPREME COURT